19 F.3d 12
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Lee PRINCE, Jr., Plaintiff-Appellant,
v.
Richard P. ROSE, Sargeant, Defendant-Appellee.
 No. 93-7084.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 20, 1994.
Decided: February 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-92-1796-AM)
 David Lee Prince, Jr., pro se.
 E.D.Va.
 DISMISSED.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Lee Prince, a Virginia prisoner, appeals the dismissal without prejudice of his pro se, 42 U.S.C. Sec. 1983 (1988), complaint. Prince's complaint was dismissed for failure to adequately comply with an order of the district court that Prince disclose whether he had exhausted state remedies for the claims he raised in his complaint. Under Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064 (4th Cir.1993), we have examined the grounds for dismissal and determined that Prince can save this action by amending his complaint in compliance with the district court's order.* Therefore, the order which Prince seeks to appeal is an interlocutory order. This Court may exercise jurisdiction only over final orders, 28 U.S.C. Sec. 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. Sec. 1292 (1988); Fed.R.Civ.P. 54(b). Under Domino Sugar, this order is not an appealable interlocutory order.
 
 
 2
 Accordingly, we grant leave to proceed in forma pauperis but dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in
 
 
 3
 the materials before the Court and argument would not aid the decisional process.
 
 
 4
 DISMISSED.
 
 
 
 *
 Although Prince filed materials in response to the district court's order, he failed to disclose whether he has exhausted available state remedies for the conviction underlying his complaint. See Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981) (Sec. 1983 claim against sheriff, alleging conspiracy to convict and use perjured testimony), cert. denied, 455 U.S. 911 (1982). We note that there appears to be a statute of limitations issue, as well, which Prince has not addressed